W. B. BLANKENSHIP V. THE STATE.

No. 18423. Delivered October 21, 1936.

The opinion states the case.

*Weldon F. Johnson,* of Levelland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for operating a motor vehicle upon the public highways of this state with number plates attached thereto which had been issued for a different motor vehicle; penalty assessed at a fine of fifty dollars.

The prosecution arose under Article 811, P. C., which reads as follows:

"Whoever shall operate, or as owner permit to be operated upon a public highway a motor vehicle with a number plate or seal issued for a different motor vehicle attached thereto shall be fined not exceeding two hundred dollars."

The information charged, among other things, that

"* * * the said motor vehicle so operated being then and there a Ford Truck of the following description: Motor No.

1018592 Ford Truck and the said number plate being then and there one issued for a Chev. Truck of the following description: Motor No. 3141114 Chev. Truck."

The State's case only shows that appellant operated a truck upon the streets of the city of Levelland in Hockley County, Texas, on or about the date fixed in the information, and that appellant had not registered his truck in that county for the year 1935. Appellant did not testify, and the above is the substance of the State's testimony adduced upon the trial.

We are constrained to hold that the State's case is not sufficient to support the conviction. There is no testimony that appellant resided in Hockley County, Texas, or that it was incumbent upon him under the law to register his truck in that county. There is no testimony that the truck which he was seen operating did not have the license numbers thereon or that the license numbers on the truck were in fact not issued for that motor vehicle. Nor is there any testimony in support of the descriptive allegations of the information above referred to.

It is a rule of long standing that where the complaint contains descriptive averments the burden is upon the State to prove the averments as charged. Authorities will be found collated under Section 498, Branch's Annotated Penal Code of Texas.

Under the facts adduced the State's evidence is not sufficient to support the conviction. Having reached this conclusion, it is deemed unnecessary to pass upon the other matters appearing in the record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*